**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv195-MOC
[3:03cr40]**

| | |
|---|---|
| DARIUS L. CHANEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's uncaptioned pleading filed March 21, 2012, which the court deems to be petitioner's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (#73). For the reasons stated herein, petitioner's Motion to Vacate will be dismissed after initial screening.

## FINDINGS AND CONCLUSIONS

**I.   Initial Screening**

The court has conducted an initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b), 28 U.S.C. §2255, and finds:

(1) the petition has not been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C. § 2255, and is subject to dismissal;

(2) that petitioner has alleged that the petition was filed within one year of a decision by the United States Supreme Court recognizing for the first time the right he attempts to assert herein, § 2255(f)(3); however, as shown below, such right has been recognized in the courts of the Fourth Circuit since 1989; and

(3) even if the court were to assume that the petition was timely filed, petitioner has not asserted a colorable claim for relief under § 2255(a).

-1-

## II. Petitioner's Contentions

In his motion, petitioner asserts that the counts of conviction (robbery of a motor vehicle by force or violence, in violation of 18 U.S.C. § 2119 (2000); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1),(2) (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000)) were improperly lodged against him, that the ensuing convictions were unlawfully obtained, and that he is being held unconstitutionally under the sentence of this court. He contends that each of the statutes underlying the counts of conviction were passed by Congress in violation of the Tenth Amendment to the United States Constitution.

Despite the passage of six years since the Amended Judgment became final, petitioner contends that this court should entertain his challenge because it was not until the Supreme Court issued its decision in Bond v. United States, ___U.S.___, 131 S.Ct. 2355 (June 16, 2011), that the Supreme Court recognized that individuals had standing to make Tenth Amendment claims.

## III. Standard of Review

In conducting an initial screening, review starts with the language of Section 2255, which allows a federal prisoner to attack his sentence on the grounds that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Relief is appropriate only for errors of law that are jurisdictional, constitutional, or constitute a fundamental defect resulting in a complete miscarriage of justice. Harris v. United States, 366 F.3d 593, 594 (7th Cir.2004). Further, Section 2255 is not a substitute for a direct appeal, a second chance at claims already determined on appeal, or (absent a showing of cause and prejudice) an opportunity to raise claims omitted from an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); United States v. Addonizio, 442 U.S. 178, 184-185 (1979);

Womack v. United States, 395 F.2d 630 (D.C.Cir.1968). A petitioner procedurally defaults any claim that he failed to raise at trial or on direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998).

**III.    Timeliness**

In conducting the required initial screening, the court has first considered timeliness. Section 2255 motions are subject to a one year statute of limitation. The starting date of the statute of limitations is measured from the latest of:

(1)    the date on which the judgment of conviction became final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States was removed;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, the Amended Judgment (#37) became final in 2006.[1] As petitioner acknowledges, he filed the instant motion more than one year later. However, reading the motion in a light most favorable to petitioner, he argues that he may avail himself of § 2255(f)(3) based on the Supreme Court's decision in Bond, which was handed down June 16, 2011.

While Section 2255(f)(3) grants a new one year filing period that runs from the date on which the Supreme Court initially recognizes a new constitutional right, the Tenth Amendment right upon which petitioner relies (i.e., prudential standing to challenge the statute of conviction as violating the Tenth Amendment) cannot be considered new as such right has been recognized in the

---

[1] The Court of Appeals affirmed the Amended Judgment on direct appeal on December 20, 2005, and entered its Judgment on January 13, 2006, making the conviction final 90 days after the court of appeals entered judgment. Clay v. United States, 537 U.S. 522 (2003).

courts of the Fourth Circuit for over 20 years. See Metrolina Family Practice Group, P.A. v. Sullivan, 767 F.Supp. 1314 (W.D.N.C.1989), *aff'd* 929 F.2d 693 (4th Cir. 1991). Indeed, the Court in Bond specifically cited Metrolina as being consistent with its decision. See Bond, 131 S.Ct. at 2361.

While this action appears time barred, the court will not sua sponte dismiss the action at this point in an abundance of caution. In Day v. McDonough, 547 U.S. 198 (2006), the Supreme Court held that a district court may sua sponte dismiss a state habeas petition as untimely, so long as the petitioner gets a fair chance to present his position. Such decision did not, however, discuss a motion to vacate under Section 2255 (a "federal habeas" proceeding). While at least one court has questioned the applicability of the notice requirement in Day to Section 2255 motions ( see United States v. Taylor, 2008 WL 1787645 (W.D. Okla. April 17, 2008)),[2] the court will err on the side of caution as the Section 2244(d)(1) limitation period at issue in Day is nearly identical to the one year provision applicable to Section 2255 motions found in Section 2255(f). In addition, the decision of the Court of Appeals for the Fourth Circuit in United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) found the doctrine of equitable tolling applicable to Section 2255(f), which counsels in favor of notice an opportunity to respond before dismissing a Section 2255 motion sua sponte based on timeliness.

### IV.    Assertion of a Plausible Claim

The court has , therefore, advanced the inquiry beyond timeliness and will consider whether petitioner has asserted a plausible claim requiring an Answer from the respondent. Reading the pleading liberally, petitioner contends that each count of conviction is based on a statute that has nothing to do with commerce or any sort of economic enterprise, and thereby violates the Tenth Amendment. The Court of Appeals for the Fourth Circuit has, however, held that each of criminal statutes underlying petitioner's counts of conviction are valid exercises of the Commerce Clause

---

[2]   Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

power of the United States.

In United States v. Cobb, 144 F.3d 319 (4th Cir.1998), the appellate court held that carjacking by force or violence under § 2119 and possession of a firearm during and in relation to a crime of violence, to wit, carjacking, charged under § 924(c)(1), satisfied the interstate nexus, finding that "section 2119's jurisdictional element 'distinguishes Lopez and satisfies the minimal nexus required for the Commerce Clause.'" Id., at 321-22 (citation omitted).[3]

As to the possession of a firearm by a convicted felon, the Court of Appeals for the Fourth Circuit has long held that

> [u]nlike the statute at issue in *Lopez*, § 922(g) expressly requires the Government to prove the firearm was "ship[ped] or transport[ed] in interstate or foreign commerce"; was "possess[ed] in or affect[ed] commerce"; or was received after having "been shipped or transported in interstate or foreign commerce." 18 U.S.C.A. § 922(g). The existence of this jurisdictional element, requiring the Government to show that a nexus exists between the firearm and interstate commerce to obtain a conviction under § 922(g), distinguishes *Lopez* and satisfies the minimal nexus required for the Commerce Clause.

United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996). Thus, petitioner has failed to allege any claim is not foreclosed as a matter of well-settled law.[4]

Petitioner's Motion to Vacate will, therefore, be summarily dismissed for failure to allege a claim upon which this court could afford him any relief.

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's § 2255 motion is **DENIED,** and the civil action is **DISMISSED**.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to

---

[3] Referencing *United States v. Lopez*, 514 U.S. 549 (1995).

[4] Petitioner has also attempted to invoke the First Amendment as well as other provisions of law, which are patently frivolous claims.

issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 27, 2012

_____
Max O. Cogburn Jr.
United States District Judge